UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACANTHA LLC,

    Plaintiff,

v.

NUVASIVE, INC.,

    Defendant.

Case No. 19-cv-10656
Hon. Matthew F. Leitman

_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY PROCEEDINGS (ECF No. 32)

On March 5, 2019, Plaintiff Acantha LLC filed this patent-infringement action against Defendant NuVasive, Inc. (*See* Compl., ECF #1.) NuVasive moved to dismiss Acantha's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court denied that motion. (*See* Mot. to Dismiss, ECF No. 17; Order Denying Mot. to Dismiss, ECF No. 25.)

Following the Court's denial of NuVasive's motion to dismiss, NuVasive filed two petitions for *inter partes* review ("IPR") before the United States Patent Trial and Appeal Board (the "PTAB"). (*See* IPR Petitions, ECF Nos. 32-3, 32-4.) In the IPR petitions, NuVasive challenges "all 60 claims of [United States Patent No. RE43,808 – the patent at issue in this case] that Acantha has asserted against NuVasive in this litigation." (Mot., ECF No. 17, PageID.541.) NuVasive has now

1

filed a motion in which it asks this Court to stay the proceedings here while NuVasive pursues relief in front of the PTAB. (*See id.*) Acantha opposes the requested stay. (*See* Acantha Resp., ECF No. 33.)

District courts "have the broad discretion to determine whether a stay is appropriate" pending the conclusion of an IPR proceeding. *Regents of Univ. of Mich. v. St. Jude Med., Inc.,* 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013.). The party seeking a stay has the "burden of showing that the circumstances justify the exercise of that discretion." *Service Solutions U.S., LLC v. Autel.US Inc.*, 2015 WL 401009, at *1 (E.D. Mich. Jan. 28, 2015). When determining whether to grant such a stay, the Court considers "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Regents of Univ. of Mich.*, 2013 WL 2393340, at *2.

The Court is not yet persuaded that a stay is appropriate. NuVasive filed its IPR petitions on March 13, 2020, and the PTAB is not scheduled to make a decision on whether to institute those proceedings until September. Because it is unknown whether IPR proceedings will ever be instituted, it is not yet clear to the Court whether a stay would simplify the issues in dispute. Nor is it apparent today whether a stay would conserve judicial resources. Accordingly, the Court **DENIES**

NuVasive's motion **WITHOUT PREJUDICE**. If the PTAB decides to institute IPR proceedings on one or both of NuVasive's pending IPR petitions, NuVasive may file a renewed motion for a stay at that time.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: June 3, 2020    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3